UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-07440-SSS-PDx                              Date: October 18, 2022

Title      *Dragana Barone et al  v  Los Angeles County Sheriff' Department et al*

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:**     **(In Chambers) Order Denying Petition for Guardian Ad Litem [Dkt. No. 9]**

Before the Court is the Petition of Plaintiff D. B. for the appointment of Christopher T. Barone (D. B.'s father) as guardian ad litem for Plaintiff D. B. in this matter. [Dkt. No. 9.]

Plaintiffs Dragana Barone and D. B., via guardian ad litem Christopher Barone, appearing without counsel, filed a Complaint alleging causes of action for motor vehicle, negligence per se, intentional tort, filing false claim, municipal liability for failure to train and discipline deputies/officers, and conspiracy against Defendants Los Angeles County Sheriff's Department, Alex Villinueva (sic), Deputy Scott Schean, Deputy Roger Schalkz, Geico Insurance Company, Mercury General Corporation, Peter Benavides, Peter Charles Herrera, Lisa Ellyn Friedman, and Does 1-10. [Dkt. No. 1.] Plaintiffs were involved in a motor vehicle accident on July 21, 2022. [*Id.* at 4.]

The Ninth Circuit has held that a guardian ad litem cannot represent their child without retaining a lawyer. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876–78 (9th Cir. 1997). In *Johns*, the Ninth Circuit explained that, because minors and incompetent individuals cannot determine their own legal actions, they do not, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:22-cv-07440-SSS-PDx      Date: October 18, 2022

Title     *Dragana Barone et al v Los Angeles County Sheriff' Department et al*

reality, have an individual choice to proceed pro se via their guardian ad litem. *Id.* Furthermore, allowing guardians ad litem to proceed pro se on behalf of another would violate the general principal that a non-lawyer has no authority to appear as an attorney for others than himself. *Id.* (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1051 (E.D. Cal. 2015) ("if a guardian ad litem is not a lawyer, he or she must be represented in turn by counsel" because "a non-lawyer 'has no authority to appear as an attorney for others than himself' "); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney may only appear in her own behalf); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

     Further, Plaintiff Dragana Barone, proceeding pro se, cannot bring this action on behalf of her minor child, D.B. Pro se litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney may not attempt to pursue claim on behalf of others in a representative capacity).

     Accordingly, the Petition for Guardian ad Litem is denied without prejudice. If Christopher Barone wishes to be appointed guardian ad litem for Plaintiff D.B., he must retain an attorney.

**IT IS SO ORDERED**.

                                                                      Initials of Preparer    im