UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-07440-SSS-PDx | Date | April 3, 2023 |
|---|---|---|---|
| Title | *Dragana Barone, et al. v. Los Angeles County Sheriff's Department, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER RE: OSC AND DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT**

  On March 6, 2023, the Court issued an Order to Show Cause ("OSC") regarding Plaintiffs' failure to serve the summons and complaint on all Defendants within the 90 days allotted by Fed. R. Civ. P. 4(m).  [Dkt. 23].  The Court is now in receipt of Plaintiffs' response and amended response to the OSC, in which they request an extension of time to complete service on the remaining Defendants.  [Dkt. 24; Dkt. 25].  The Court instead **STRIKES** Plaintiffs' original and first amended complaints, **GRANTS** leave to file a second amended complaint, and provides further instructions to the parties as set forth below.

  Upon review of Plaintiffs' complaints, the Court notes that both pleadings were signed by Mr. Christopher Barone.  Fed. R. Civ. P. 11 requires that all pleadings and motions filed with the Court be signed by the party making the motion, if that party is not represented by an attorney.  California law also prohibits the practice of law by a person who is not an admitted member of the bar.  *See* Cal. Bus. & Prof. Code § 6125.  Mr. Barone is neither party to this suit nor an attorney licensed to practice in this state.  He therefore cannot file actions, sign

pleadings for, or act on behalf of Plaintiffs. The complaints signed by him are not properly before this Court and are therefore struck.

Plaintiffs' complaint is also subject to dismissal for lack of federal subject matter jurisdiction. A district court may dismiss a case *sua sponte* at any time prior to final judgment for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Such a dismissal is proper where the claim(s) which purport to arise under the Constitution or a federal statute are "insubstantial," "implausible," or foreclosed by precedent. *Id.*, citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Plaintiffs' fourth, fifth, and sixth causes of action assert violations of three federal laws. However, none of the three provide facts to indicate that Plaintiffs' claims are properly brought under the statutory provisions cited.

In their fourth cause of action, Plaintiff alleges that certain Los Angeles County Sheriff's Department ("LACSD") employees are liable under the False Claims Act for their misrepresentative report of a motor vehicle accident in which Plaintiff was involved. [Dkt. 1 at ¶ 100-105]. The False Claims Act, 31 USC §3729, prohibits individuals or entitles from defrauding the federal government. While it permits private citizens to file civil actions on the government's behalf, it does not provide a cause of action by which litigants like Plaintiffs may recover for losses suffered as a result of fraud by government officials. *See generally United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166 (9th Cir. 2006). Plaintiffs have not pled a plausible False Claims Act cause of action and so cannot establish federal jurisdiction on that basis.

Plaintiffs' fifth and sixth causes of action, respectively asserting *Monell* liability under 42 USC §1983 [Dkt. 1 at ¶ 106, 107] and conspiracy under 42 USC § 1985 [Dkt. 1 at 108-126], also fail to make out a federal claim as Plaintiffs have not identified any underlying violation of their Constitutional rights by the Defendants.

For the reasons set forth above, the Court **STRIKES** Plaintiffs' complaints and **GRANTS** Plaintiffs leave to file a second amended complaint on or before **April 28, 2023**. Ms. Barone may sign these pleadings on her own behalf or may retain an attorney to represent her. In either case, Plaintiffs are advised that they must amend their complaint so as to establish federal subject matter jurisdiction or it will be dismissed.

Per the prior order of the magistrate judge assigned to this case [*see* Dkt. 16], if Mr. Barone wishes to be appointed as guardian ad litem for minor Plaintiff D.B., he may retain counsel and file a renewed application.

Finally, Plaintiffs are reminded that they are required to serve a revised summons and complaint on all Defendants within 90 days of filing their second amended complaint.  *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**